IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NANCY PETERSON                                                          PLAINTIFF

v.                          CIVIL NO. 19-2042

ANDREW M. SAUL, Commissioner
Social Security Administration                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Nancy Peterson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on August 1, 2013, alleging an inability to work since June 20, 2013, due to diabetic neuropathy, back problems, pinched nerves, arthritis in the back, arthritis on the right, heart problems, bronchial asthma, COPD, and depression. (Tr. 41, 321). For DIB purposes, Plaintiff maintained insured status through June 30, 2014. (Tr. 13, 355). An administrative hearing was held on November 6, 2015, at which Plaintiff appeared with counsel and testified. (Tr. 32-67). A supplemental hearing was held on August 9, 2016. (Tr. 68- 87).

In a written decision dated February 17, 2017, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Tr. 150-160). Plaintiff requested review of the unfavorable decision by the Appeals Council. The Appeals

1

Council vacated the ALJ's decision and remanded Plaintiff's case back to the ALJ for further development on February 6, 2018. (Tr. 166-170). A supplemental administrative hearing was held on July 9, 2018. (Tr. 88-115).

By written decision dated December 27, 2018, the ALJ found that through her date last insured, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: DDD (degenerative disorders of the back-discogenic and degenerative); diabetes mellitus; peripheral neuropathy; chronic obstructive pulmonary disease; and obesity. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except she is limited to occasionally climbing ramps, stairs, ladders, ropes and scaffolds; occasionally balancing, stooping, kneeling, crouching and crawling; she is limited to jobs that can be performed while using a hand-held assistive device for prolonged ambulation; she must avoid concentrated exposure to fumes, odors, dust, gasses and poorly ventilated areas; she can frequently handle and finger bilaterally and frequently operate of (sic) foot controls bilaterally.

(Tr. 15). With the help of a vocational expert, the ALJ determined that through the date last insured, Plaintiff could perform work as a toll collector, a paramutual ticket seller, and a ticket taker. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 2, 2109. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 15th day of May 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE